879 So.2d 110 (2004)
Montgomery Scott MORGAN, Appellant/Cross-Appellee,
v.
Chris S. BEEKIE, Appellee/Cross-Appellant.
No. 5D02-3787.
District Court of Appeal of Florida, Fifth District.
August 6, 2004.
David C. Knapp of Rogers, Coleman, Pendas & Knapp, P.A., Orlando, and Michael A. Romano of Michael A. Romano, P.A., Orlando, for Appellant/Cross-Appellee.
*111 D. Paul McCaskill, Orlando, for Appellee/Cross-Appellant.
PETERSON, J.
Montgomery Scott Morgan appeals a final judgment rendered in favor of Chris S. Beekie, the plaintiff in a negligence action for personal injuries received in an automobile accident. We affirm the judgment, but reverse the denial of Beekie's request for attorney's fees.
Beekie's motion for attorney's fees was made pursuant to his proposals for settlement under Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (1997). On June 18, 1999, Beekie served his first proposal to settle "all claims" for $250,000. On October 11, 1999, Beekie served his second proposal to settle "all claims" for $400,000. Neither proposal was accepted.
On May 26, 2001, Morgan made his own proposals to settle Beekie's property damage claims which were accepted on June 20, 2001, and a final order dismissing those claims was entered on November 2, 2001.
On June 29, 2001, Beekie served his third and last proposal for settlement for $200,000, conditioned upon Morgan providing proof demonstrating the ability to pay that amount. The proposal did not state for which claims the demand was made and was served after Beekie had accepted Morgan's proposal for settlement of the property damage claims, but was served before Beekie executed releases for those claims.
The final judgment awarded to Beekie was twenty-five percent greater than any of Beekie's proposals for settlement.
In regard to the final proposal for settlement, the request for fees was denied because it included the ambiguous condition that proof was required demonstrating an ability to pay the amount demanded. We agree with the trial court that the last proposal cannot be a basis for an award of attorney's fees because it was both ambiguous and failed to make it clear that it was solely for personal injuries when the settlement of the property damage claim had not yet been fully consummated. See, e.g., Nichols v. State Farm Mut., 851 So.2d 742 (Fla. 5th DCA 2003) (recognizing that terms and conditions of a proposal for settlement should be devoid of ambiguity, patent or latent), rev. granted, 03-01653 (Fla. Sept. 11, 2003).
In regard to Beekie's first two proposals for settlement, the trial court denied Beekie's motion for attorney's fees on the premise that Beekie had not obtained a judgment for "all claims" as had been demanded because the property damage claims were settled prior to the final judgment. We disagree with the trial court that the first two proposals are invalid and unenforceable. At the time the proposals were made, all claims were outstanding and it was not until later that the property damages claims were settled and removed from the issues remaining to be litigated. Morgan urges that because the first two proposals were not a mirror of the final judgment, those proposals could not be the basis for an award of cost and attorney's fees. We find nothing in the statute or rules that requires a proposal to be a mirror of the final judgment.
We reverse the order denying an award of costs and attorney's fees pursuant to section 768.79 and rule 1.442, and remand for determination of the amount awardable.
REVERSED AND REMANDED.
ORFINGER and TORPY, JJ., concur. *112