971 So.2d 814 (2007)
Thomas B. KEE and Helen Kee, Appellants,
v.
BAPTIST HOSPITAL OF MIAMI, INC., a Florida non-profit corporation; South Dade Healthcare Group, Ltd., d/b/a Deering Hospital; Allan Herskowitz, M.D.; Michael Latterman, D.O.; Inphynet Contracting Services, Inc.; South Florida Emergency Physicians, Inc.; Mitchell Gregg, M.D., Jorge Fleites, M.D. and Florida Patients Compensation Fund, Appellees.
No. 3D06-2476.
District Court of Appeal of Florida, Third District.
October 3, 2007.
Rehearing Denied January 2, 2008.
John W. Kearns, Coral Gables, for appellants.
Marlow, Connell, Valerius, Abrams, Adler, Newman & Lewis and Rosemary B. Wilder, Coral Gables, for appellees.
Before RAMIREZ, WELLS, and SHEPHERD, JJ.
RAMIREZ, J.
Thomas B. Kee and Helen Kee appeal an award of attorney's fees and costs entered in favor of appellee Baptist Hospital of Miami, Inc. in this medical malpractice case. We affirm because the underlying settlement proposal of Baptist Hospital was not too ambiguous and was thus enforceable.
The Kees filed a complaint against Baptist Hospital and other healthcare providers in which they alleged that the healthcare providers failed to diagnose and properly treat Mr. Kee's stroke. Baptist Hospital thereafter filed its Proposal for Settlement in the sum of $600.00. The proposal required the Kees to execute both a General Release and Hold Harmless and Indemnity Agreement. The Hold Harmless and Indemnity Agreement obligated the Kees to hold Baptist Hospital harmless and indemnify Baptist Hospital as follows:
[F]rom any and all existing, or potentially existing, liens or other claims which any person or entities may have on the damages sought in this lawsuit arising out of [the Kees'] claims or potential claims in this case.
The Proposal for Settlement also provided that the Kees and the Kees' counsel:
[S]hall agree that all known liens or other claims of third parties, including but not limited to, health care providers of [the Kees], will be satisfied and extinguished by [the Kees] and [the Kees'] counsel.
The Kees did not respond to the proposal and the litigation continued for several years. The trial court subsequently granted summary judgment in Baptist Hospital's favor, and then entered final judgment awarding fees and costs in the sum of $160,912.80 in favor of Baptist Hospital.
*816 The Kees argue that the trial court incorrectly enforced the Proposal for Settlement because the proposal was ambiguous under the Florida Supreme Court's decision in State Farm Mut. Auto., Ins. Co. v. Nichols, 932 So.2d 1067 (Fla.2006). We are mindful of the requirements which must be satisfied for a proposal for settlement to be valid in accordance with section 768.79, Florida Statutes (2001), and rule 1.442, Florida Rules of Civil Procedure. But we do not agree that Florida law or the Nichols case, upon which the Kees exclusively rely in this appeal to invalidate the proposal on ambiguity grounds, mandates reversal here.
First, the Nichols case is factually dissimilar. The language in the settlement proposal in Nichols, for example, varies significantly from the language in the settlement proposal here. The proposal for settlement in Nichols stated at the outset that it would be:
[A] full and final satisfaction and settlement of any and all of Nichols's claims and causes of action in, or arising out of the above-styled case.
Id. at 1079. Then it provided that Nichols would be required to:
[E]xecute a General Release in favor of State Farm, which will be expressly limited to all claims, causes of action, etc., that have accrued through the date of Nichols's acceptance of this Proposal.
Id. The settlement proposal here contains no such language.
More importantly, the Florida Supreme Court held in Nichols that the proposal for settlement was too ambiguous because the settlement proposal failed to eliminate the ambiguity regarding one of two claims which Nichols had. Id. at 1078. At the time during which the offer was made, Nichols had two pending claims: one was a PIP claim against State Farm, and another an uninsured motorist claim arising out of the same accident. Id. It appeared as though Nichols, in order to settle one claim, would have had to sign a general release which would release his second claim as well. The release was thus unclear as to whether or not the second claim would also be released in the settlement of the first claim. There is no similar ambiguity in this case. Baptist Hospital offered to settle all claims against Baptist Hospital only, and it did not limit the Kees' ability to recover against any other defendant.
Other Florida cases finding ambiguity are distinguishable as well. In Palm Beach Polo Holdings, Inc. v. The Village of Wellington, 904 So.2d 652, 653-54 (Fla. 4th DCA 2005), the Fourth District held that the proposal for settlement was legally deficient because it could have extinguished pending unrelated claims where there were multiple suits pending between the parties. By contrast, the situation here does not involve another pending action or potential lawsuit by the Kees against a party whose claim would be extinguished by accepting the proposal and executing the releases. The proposal in this case clearly offered to settle all claims against Baptist Hospital only, not claims against any other party.
Similarly, in Morgan v. Beekie, 879 So.2d 110, 111 (Fla. 5th DCA 2004), the Fifth District found the proposal ambiguous because the proposal did not state or identify whether the demand related to pending property damage claims or personal injury claims. The same situation occurred in Dryden v. Pedemonti, 910 So.2d 854 (Fla. 5th DCA 2005). In that case, the trial court found the proposal for settlement was ambiguous because it was unclear whether the language contained in the proposal would release PIP benefits claims or health insurance claims. Id. at *817 856-57. Again, this is not the situation here.
We thus conclude that the language of the settlement proposal limited recovery against Baptist Hospital to claims arising in relation to this case, and in no way interfered with the Kees' ability to raise and recover as against any third party. Accordingly, the Proposal for Settlement was not too ambiguous. This is consistent with the Nichols case and more recent cases.
We also reject the argument that the Proposal for Settlement is ambiguous as to whether or not the Kees' counsel must guarantee payment of any hospital liens to the extent that these are satisfied and extinguished. Furthermore, we decline to address the Kees' contention that Baptist Hospital's offer of settlement was not made in good faith, an argument which they inappropriately raise for the first time on appeal. For these reasons, we affirm the final judgment awarding Baptist Hospital attorney's fees and costs.
Affirmed.