970 So.2d 495 (2007)
SPS DEVELOPMENT COMPANY, LLC, Appellant,
v.
DS ENTERPRISES OF the PALM BEACHES, INC., SBP of Jupiter, Ltd., Silvester Building Corp. and Dennis Silvester, Appellees.
No. 4D06-3604.
District Court of Appeal of Florida, Fourth District.
December 19, 2007.
*496 Scott W. Zappolo of Watterson & Zappolo, P.A., Palm Beach Gardens, for appellant.
Kenneth N. Johnson, Stanley D. Klett, Jr. and John T. Mulhall, III of Rutherford Mulhall, P.A., Palm Beach Gardens, for appellee.

ON MOTION FOR CLARIFICATION
WARNER, J.
We grant clarification to correct a clerical error in the original opinion, withdraw our prior opinion and substitute the following in its place.
SPS Development Company, LLC, appeals the trial court's final order dismissing its complaint with prejudice. Because the dismissal was a sanction for failure to amend within the allotted time, and the order did not make express findings of sanctionable conduct, we reverse.
This appeal involves three circuit court cases. In the first case, a 2003 filing, appellee Silvester Development filed a complaint against SPS and another party alleging a breach of contract for construction of a house. SPS answered and eventually filed a counterclaim against Silvester alleging various causes of action involving other agreements with respect to the purchase and construction of the same house. The specific underlying facts are not essential to resolving the legal issues raised in this appeal.
A second case was filed in 2004 by SPS against DS Enterprises and others, making essentially the same allegations as those made in the 2003 counterclaim. Silvester moved to dismiss the counterclaim in the 2003 case, and DS moved to dismiss the complaint in the 2004 case. Those motions were granted with leave to amend both the counterclaim in the 2003 action and the complaint in the 2004 action.[1] The court ordered that the amended pleadings be filed within twenty days, although the parties agreed to an extension of time until May 27, 2005, to file the amended pleadings.
Soon after the order granting leave to amend was entered, counsel for SPS withdrew in both cases. The trial court granted the motions to withdraw in August 2005. A new attorney entered his appearance for SPS in the 2003 case in September. While a notice of appearance was not filed in the 2004 case, various pleadings and orders in the 2004 case were served on that same attorney.
SPS filed a new complaint in April 2006 against DS Enterprises, seeking to dissolve DS's interest in an escrow agreement which also involved the same property and agreements as the prior two cases. DS moved to dismiss this action, and the court denied the motion, ordering DS to answer the complaint. It also consolidated the 2006 case with the 2004 case for all matters. *497 The court ordered the parties to attend mediation for both cases.
On August 4, 2006, DS moved to compel mediation. On that same date, Silvester served a motion to dismiss the counterclaim in the 2003 case and the complaint in the 2004 case for failure to file an amended counterclaim and complaint, respectively, as ordered by the trial court in 2005. At an 8:45 a.m. hearing six days later, the trial court granted both motions and dismissed the complaint and counterclaim with prejudice without stating any reasons for the dismissal. The order of dismissal was docketed in each of the three cases. Shortly thereafter, Silvester filed a motion for partial summary judgment with respect to its still pending complaint in the 2003 action. SPS filed notices of appeal in each of the three cases.
Because the complaint by Silvester is still pending in the 2003 case, we conclude that the order granting the motion to dismiss for failure to file an amended counterclaim in that case is not appealable. An order dismissing a counterclaim is not a non-final, appealable order under rule 9.130. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99-100 (Fla.1974). The issues in the counterclaim are intertwined with the remaining cause of action. Nor is the order an appealable partial final judgment which totally disposes of a case against a party. See Fla. R.App. P. 9.110(k). We therefore dismiss the appeal of the order dismissing the counterclaim in the 2003 case.
We also question whether the 2004 order is appealable in that the 2004 and the 2006 cases were consolidated for all matters. Where cases are consolidated for discovery and trial, they do not lose their individual identities as distinct, separately filed actions. See OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So.2d 113 (Fla. 5th DCA 2005). However, we could find no cases involving appeals where two actions are consolidated "for all matters" or even what that means to the two cases. Nevertheless, as this issue has not been briefed or considered by the parties, we will assume that we have jurisdiction as to the 2004 order, because it had the effect of completely disposing of the 2004 case.
As to the 2004 order dismissing the complaint with prejudice, we reverse on the authority of Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993). Although a trial court has the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment, id. at 817, "[b]ecause dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result." Id. at 818. The Kozel court established six factors which must be considered by a trial court before dismissing a complaint with prejudice for noncompliance with a court order:
1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
Id. Where a trial court exercises the drastic sanction of dismissal, it must make express written findings of fact supporting the conclusion that the failure to obey the *498 court's order amounts to a willful or deliberate disregard of the court's order. See Ham v. Dunmire, 891 So.2d 492, 495 (Fla. 2004); Zaccaria v. Russell, 700 So.2d 187, 188 (Fla. 4th DCA 1997). Here, the trial court failed to make any such findings in its order of dismissal.
DS contends that Kozel does not apply because the dereliction in this case is that of the litigant rather than the attorney, as SPS's attorney did not file a notice of appearance in the 2004 case. Thus, it argues that any failure to file the amended complaint was due to SPS's failure to secure an attorney.
We do not agree that the lack of a notice of appearance by a new attorney means that Kozel does not apply. DS certainly thought that SPS was represented in the 2004 case after the 2005 withdrawal of its counsel because in the 2004 case, it filed several motions and served them on SPS's new attorney. The court entered orders in that case which were served on SPS's new attorney. Further, the court ordered both parties to mediation in the 2004 case (consolidated with the 2006 case), and DS filed a motion to compel mediation in the consolidated 2006 case. There is nothing in the record which supports the conclusion that the cause for the failure to obey the order to amend its complaint was due to SPS's conduct.
Because the trial court failed to determine with express findings that SPS willfully disregarded the trial court's orders, we reverse for further proceedings. As to the 2003 case, the appeal is dismissed for lack of jurisdiction, without prejudice to SPS from raising this issue in any final appeal in that case.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] Although SPS claims that at the hearing on the motions to dismiss the court consolidated the 2003 and 2004 cases, there is no order of consolidation in the record.