# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1677
Lower Tribunal No. 13-20018
_____

**Florida Peninsula Insurance Company,**
Appellant,

vs.

**Ann Brunner,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Cole Scott & Kissane and Kathryn L. Ender, for appellant.

Michael A. Nuzzo, for appellee.

Before WELLS, SALTER and SCALES, JJ.

SALTER, J.

Florida Peninsula Insurance Company (FPIC) appeals a final order denying

its motion for attorney's fees based on a proposal for settlement. Because the

proposal for settlement purported to impose liability for an indeterminate category of "other claims of third parties" on the appellee's counsel, a non-party, we affirm the trial court ruling.

The Proposal for Settlement

The proposal was made on behalf of FPIC, insurer under a homeowner's policy in favor of Ann Brunner, under Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (2013). The plaintiff/insured, Ms. Brunner, did not accept the proposal for settlement. When the jury rendered a verdict for FPIC, FPIC moved for its attorney's fees pursuant to the rule and statute.

The proposal for settlement included the following requirements in paragraphs 7(a) and (b):[1]

> (a)    This Offer of Judgment/Proposal for Settlement is to hold harmless FLORIDA PENINSULA INSURANCE COMPANY, from any and all existing, or potentially existing, liens or other claims which any person or entities may have on the damages sought in the lawsuit arising out of the Plaintiff, ANN BRUNNER's claims or potential claims in this case.

> (b)    It is agreed upon by ANN BRUNNER and his [sic] respective counsel that all known liens, attorney charging liens or

---

[1] The written proposal for settlement appears to have been assembled by "cutting and pasting" prior word processing forms (though not by the attorney who argued FPIC's appeal in the present case). Among other indicia of such a process, the first paragraph 7 (containing the clauses identified here) is followed by paragraphs erroneously numbered 6, 7, and 8. In the proposal and attached form of release, the plaintiff in the case, Ann Brunner, is referred to using the pronouns "he" and "his."

other claims of third parties, will be satisfied and extinguished by ANN BRUNNER and his [sic] counsel.

The proposal, attached form of release, and notice of service did not indicate any requirement for assent or execution by Ms. Brunner's counsel. The trial court concluded that paragraphs 7(a) and (b) purported to require not only Ms. Brunner, but also any counsel representing her in the case, to accept responsibility to FPIC for "other claims of third parties." Concerned that paragraph 7(b) "basically makes the attorney seem to have to agree to this," the trial court denied FPIC's motion for attorney's fees. This appeal followed.

Analysis

Our standard of review applicable to the trial court's ruling regarding the proposal for settlement is de novo. Campbell v. Goldman, 959 So. 2d 223 (Fla. 2007). In Diamond Aircraft Industries, Inc. v. Horowitch, 107 So.3d 362, 372 (Fla. 2013), the Supreme Court of Florida reiterated that the requirements of Rule 1.442 and section 768.79 "must be strictly construed because those provisions are in derogation of the common law rule that a party is responsible for its own attorney's fees, and because they are penal in nature." Id. (citing Campbell, 959 So. 2d at 226, and TGI Friday's, Inc. v. Dvorak, 663 So. 2d 606, 615 (Fla. 1995)).

The fatal flaw in the present case has already been described: Paragraph 7(b) of the proposal purports to require Ms. Brunner's counsel to agree not only to assure that counsel's own legal claims to the settlement funds are extinguished, but

3

also to assure that counsel will satisfy and extinguish "other claims of third parties." Yet there is no signature block or other provision to indicate her attorney's agreement to assume such an open-ended liability. A proposal must be drafted so that the offeree has "the ability to evaluate and independently act to resolve the case against her . . . ." Paduru v. Klinkenberg, 157 So. 3d 314, 318 (Fla. 1st DCA 2014).

FPIC argues that Kee v. Baptist Hospital of Miami, Inc., 971 So. 2d 814 (Fla. 3d DCA 2007), is controlling. In that case, however, the Kees relied "exclusively" on State Farm Mutual Auto Insurance Co. v. Nichols, 932 So. 2d 1067 (Fla. 2006), regarding the alleged ambiguity of the proposal for settlement. Kee, 971 So. 2d at 816. In Nichols, the issue was whether the proposal "failed to eliminate the ambiguity regarding one of the two claims which Nichols had." Kee, 971 So. 2d at 816 (citing Nichols, 932 So. 2d at 1078).[2]

In a final paragraph, the Kee opinion rejected an argument based on ambiguity "as to whether or not the Kees' counsel must guarantee payment of any hospital liens to the extent that these are satisfied and extinguished." Id. at 817. The present case does not concern hospital liens on the proceeds of a personal

---

[2] In Nichols, the two claims were a personal injury protection (PIP) claim and an uninsured motorist claim arising out of the same accident. "It appeared as though Nichols, in order to settle one claim, would have had to sign a general release which would release his second claim as well." Kee, 971 So. 2d at 816. The issue was the preservation of the insured's claims against others, a concern that does not exist in the present case.

4

injury settlement. The concern shared by the appellee and the trial court in the present case is the breadth of "other claims of third parties" which might reasonably exist and for which counsel might purportedly be ascribed responsibility. In a homeowner's lawsuit against its insured for property damage such as this, such "other claims of third parties" might include a mortgagee's claim under an additional insured endorsement, or a repair contractor's mechanic's lien claim, among others. The appellee's and trial court's concerns regarding the proposal for settlement were not unfounded.

Affirmed.