# Third District Court of Appeal

## State of Florida

Opinion filed April 11, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-428
Lower Tribunal No. 13-23409
_____

**Arvin Peltz,**
Appellant,

vs.

**Trust Hospitality International, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas and Lisa S. Walsh, Judges.

Arvin Peltz, in proper person.

Leto | Bassuk, and Larry Bassuk and Brian L. Elstein, for appellees.

Before SUAREZ, SCALES and LINDSEY, JJ.

SCALES, J.

Appellant, plaintiff below, Arvin Peltz seeks review of a judgment awarding attorney's fees to appellees, defendants below, Trust Hospitality, LLC ("Hospitality") and Trust Hospitality International, LLC ("International")[1] based

on appellees' joint proposal for settlement served on Peltz. We reverse, because appellees' joint proposal did not apportion liability between the two offerors as required by Florida Rule of Civil Procedure 1.442(c)(3).

## I.  RELEVANT FACTS AND PROCEDURAL BACKGROUND

Peltz, an attorney, sued appellees along with an additional defendant, Tecton Management Services Company, LLC ("Tecton"), seeking approximately $94,000 in legal fees for services Peltz performed for Tecton. Peltz's claims against Tecton were based on open account, account stated, and breach of oral contract. Peltz claimed that appellees were liable for Tecton's obligations based on theories of breach of oral contract, unjust enrichment, and quantum meruit. In the latter claims, Peltz asserted that appellees "[a]ssumed control over the day to day operations of TECTON" and that appellees directly and unjustly benefited from Peltz's legal work for Tecton.

Pursuant to rule 1.442 and section 768.69 of the Florida Statutes, appellees served on Peltz a single, joint proposal for settlement, offering to pay Peltz $10,001 in full settlement of Peltz's claims against appellees. Appellees' proposal, though, did not apportion between them the amount of the proposal attributable to each offeror. Peltz rejected the proposal.

---

[1] Collectively, we refer to Hospitality and International herein as "appellees."

The trial court ultimately entered a final summary judgment in appellees' favor,[2] and appellees then sought to recover their attorney's fees against Peltz based on their proposal for settlement. The trial court entered the judgment on appeal, awarding appellees fees and costs in the amount of $52,760. Peltz timely appeals this judgment.

## II. ANALYSIS[3]

Section 768.79 of the Florida Statutes provides the substantive basis for the recovery of attorney's fees as a sanction for one party's rejection of another party's settlement proposal; and, rule 1.442 provides the procedural framework to implement the statute's substantive requirements. See Kuhadja v. Borden Dairy Co. of Ala., LLC., 202 So. 3d 391, 395 (Fla. 2016). Rule 1.442(c)(3)[4] – requiring, *inter alia*, that all joint proposals state the amount and terms attributable to each offeror –implements section 768.79(2)(b)'s requirement that all settlement offers "[n]ame the party making it and the party to whom it is being made." Because the

---

[2] A different panel of this Court affirmed the final summary judgment on appeal. See Peltz v. Trust Hospitality, LLC, 3D16-2136 (Fla. 3d DCA Feb. 7, 2018).

[3] In determining whether a proposal for settlement comports with rule 1.442 and section 768.69, we employ a *de novo* standard of review. See Miami-Dade Cty. v. Ferrer, 943 So. 2d 288, 290 (Fla. 3d DCA 2006).

[4] Rule 1.442(c)(3) provides that "[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party."

fee-shifting provisions of section 768.79 and rule 1.442 are in derogation of the common law rule that each party pay its own fees, the statute and rule are strictly construed. <u>Kuhadja</u>, 202 So. 3d at 394. A proposal for settlement not strictly conforming to rule 1.442(c)(3)'s apportionment requirement is unenforceable. <u>See</u> <u>Willis Shaw Express, Inc. v. Hilyer Sod, Inc.</u>, 849 So. 2d 276, 279 (Fla. 2003) (holding that in order for a section 768.79 settlement offer to be valid, "an offer from multiple plaintiffs must apportion the offer among the plaintiffs" as provided by rule 1.442(c)(3)).

Peltz argues that appellees' joint proposal was invalid, and therefore unenforceable, because the proposal did not apportion the $10,001 settlement offer between Hospitality and International, the proposal's co-offerors, as required by rule 1.442(c)(3). Citing to rule 1.442(c)(4)'s[5] exception to rule 1.442(c)(3)'s apportionment requirement, appellees argue that apportionment in their joint proposal was unnecessary because any liability they may have had for Tecton's debt was solely derivative,[6] by operation of law.

---

[5] Rule 1.442(c)(4) reads, in its entirety, as follows:

> Notwithstanding subdivision (c)(3), when a party is alleged to be solely vicariously, constructively, derivatively, or technically liable, whether by operation of law or by contract, a joint proposal made by or served on such a party need not state the apportionment or contribution as to that party. Acceptance by any party shall be without prejudice to rights of contribution or indemnity.

[6] "Cases of derivative liability . . . 'involve wrongful conduct by both the person

4

Appellees, though, misapprehend rule 1.442(c)(4)'s exception to rule 1.442(c)(3)'s apportionment requirement. In this case, the exception would apply only if Peltz had alleged that appellees/co-offerors' liability was *exclusively* derivative in nature, i.e., their liability for Tecton's debt arose by operation of law, rather than as a result of any act or omission of the offerors.[7] As recognized by rule 1.442(c)(4), apportionment between the co-offerors would be unnecessary in such a case because, from the liability and damages standpoint of the appellant/offeree, the co-offerors would be legally indistinguishable. Cf. Grobman, 863 So. 2d at 1235 ("The vicariously liable party is responsible to the plaintiff to the same extent as the primary actor; both are jointly liable for *all* of the harm that the primary actor has caused.").

---

who is derivatively liable and the actor whose wrongful conduct was the direct cause of injury to another.'" Grobman v. Posey, 863 So. 2d 1230, 1235-36 (Fla. 4th DCA 2003) (quoting William D. Underwood & Michael D. Morrison, Apportioning Responsibility in Cases Involving Claims of Vicarious, Derivative, or Statutory Liability for Harm Directly Caused by the Conduct of Another, 55 Baylor L. Rev. 617, 619 (2003)). "Derivative liability is similar to vicarious liability in that (1) there is no cause of action unless the directly liable tortfeasor commits a tort and (2) the derivatively liable party is liable for *all* of the harm that such a tortfeasor has caused." Id. at 1236.

[7] By way of example, a vehicle's owner, despite no active negligence, is, by operation of law, liable for the torts of a driver permissively using the owner's vehicle. See Richbell v. Toussaint, 221 So. 3d 764, 768 (Fla. 4th DCA 2017). Thus, when an injured plaintiff sues both the owner and operator of a negligently driven vehicle, the owner and operator may, pursuant to rule 1.442(c)(4)'s exception, serve the plaintiff with a single, joint, un-apportioned settlement offer. See Miley v. Nash, 171 So. 3d 145, 149-50 (Fla. 2d DCA 2015).

5

Peltz's claims against appellees, though, are *direct* claims; Peltz alleged that appellees directly benefited from Peltz's legal work, and that appellees' actions directly induced Peltz to continue performing legal work for the benefit of Tecton and appellees. In our *de novo* review of Peltz's Amended Complaint, we could not find any allegations suggesting that appellees were solely derivatively liable for Tecton's obligations, as required to implicate rule 1.442(c)(4)'s exception. Indeed, appellees prevailed in this case because they were not responsible, derivatively or otherwise, for Peltz's claims against Tecton. In fact, Peltz may still recover a judgment against Tecton, despite Peltz's claims against appellees having been dismissed. Thus, appellees' very success in this litigation severely undercuts their argument that rule 1.442(c)(4)'s apportionment exception applies to their joint settlement proposal.

Finally, appellees suggest that, because the damages Peltz sought against them are not entirely distinct from the damages Peltz still seeks to recover from Tecton, any liability of appellees to Peltz would be derivative, thereby implicating rule 1.442(c)(4)'s exception to apportionment. We find this argument unpersuasive. As succinctly stated by our sister court, "[t]he focus of the exception contained in rule 1.442(c)(4) is not whether a party is liable for the full amount of damages, but rather, it is whether the claims against the party are direct claims or solely claims of vicarious or other forms of indirect liability." Saterbo v.

6

<u>Markuson</u>, 210 So. 3d 135, 138 (Fla. 2d DCA 2016) (footnote omitted). Irrespective of the extent of appellees' liability, Peltz's claims against appellees were direct claims that did not implicate rule 1.442(c)(4)'s exception to the apportionment requirement.

## CONCLUSION

Peltz's claims against appellees were direct claims, based on those appellees' actions, and were not derivative claims. Therefore, rule 1.442(c)(4)'s exception to rule 1.442(c)(3)'s apportionment requirement is inapplicable. Because appellees' proposal for settlement did not apportion the offer between the co-offerors, the proposal is unenforceable. We therefore reverse the trial court's attorney's fee judgment for appellees.

Reversed.