DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NEIL J. WEINER,**
Appellant,

v.

**JENNIFER MAULDEN,**
Appellee.

No. 4D18-2170

[April 10, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE15-019337.

Warren B. Kwavnick of Cooney Trybus Kwavnick Peets, PLC, Fort Lauderdale, for appellant.

Scott T. McCullough of McCullough & Leboff, P.A, Davie, for appellee.

KLINGENSMITH, J.

Appellant Neil Weiner, the defendant in the action below, appeals the trial court's denial of his motion for attorneys' fees resulting from a proposal for settlement served upon Jennifer Maulden. For the reasons set forth below, we reverse the order denying attorneys' fees and remand for the trial court to determine a reasonable fee to be awarded.

Two plaintiffs, Maulden and David Holzberg, filed separate lawsuits against Appellant due to an automobile accident. Appellant moved to consolidate the cases. The trial court granted the motion, but only for the purposes of discovery, and later granted Appellant's second motion to consolidate the cases for trial. Maulden moved for reconsideration of the consolidation or, in the alternative, asked that the court impanel two separate juries.

While Maulden's motion for reconsideration was pending, Appellant served separate proposals for settlement on Maulden and Holzberg. He offered Maulden $51,000 to resolve all of her claims, including costs and interest, but excluding attorneys' fees and punitive damages, which were not part of the claim in dispute. Notably, Appellant sent the proposal to

Maulden under the specific case caption and case number associated with her case without any reference to Holzberg's case.[1] Maulden failed to accept the proposal for settlement within thirty days.

Maulden's case went to trial. The jury returned a verdict in favor of Maulden for $21,320, which was later reduced to $5,497.20 after set-offs. Appellant then moved for entitlement to attorneys' fees under section 768.79, Florida Statutes (2016), which the trial court denied. This appeal follows.

A party's entitlement to attorneys' fees is reviewed *de novo*. *See Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 852 (Fla. 2016).

According to section 768.79(1):

> In any civil action for damages . . . if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if . . . the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

"[T]he offer of judgment statute creates an entitlement to attorneys' fees when the statutory and procedural requirements have been satisfied. The mandatory language of section 768.79 reinforces the notion that a proper offer automatically creates that entitlement, unless the offer is made in bad faith." *Anderson*, 202 So. 3d at 856 (citations omitted). "Thus, an offer that complies with section 768.79 and [Florida Rule of Civil Procedure] 1.442 creates a 'mandatory right' to collect attorneys' fees." *Id.* (quoting *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 611 (Fla. 1995)).

There is no dispute that the amount awarded to Maulden following trial was sufficient to trigger Appellant's entitlement to fees under section 768.79(1). However, Maulden claims that Appellant's proposal for settlement failed to apportion the total amount between her and Holzberg, thus leaving her reasonably uncertain whether her acceptance would extinguish Holzberg's claims in light of the consolidation. Maulden argues this proposal was a statutorily ambiguous "joint offer" that failed to

---

[1] Appellant also sent Holzberg a proposal for settlement that was virtually identical to the proposal he sent to Maulden, aside from the names of the parties and the total settlement amount. Holzberg accepted Appellant's proposal just prior to trial.

apportion the damages amount among the offerees, thus making it invalid. We disagree.

"The supreme court has recently held that 'when a single offeror submits a settlement proposal to a single offeree . . . *and the offer resolves pending claims by or against additional parties who are neither offerors nor offerees,* it constitutes a joint proposal that is subject to the apportionment requirement . . . .'" *Miley v. Nash,* 171 So. 3d 145, 149 (Fla. 2d DCA 2015) (emphasis added) (quoting *Audiffred v. Arnold,* 161 So. 3d 1274, 1280 (Fla. 2015)). "A [joint] proposal for settlement not strictly conforming to rule 1.442(c)(3)'s apportionment requirement is unenforceable." *Peltz v. Tr. Hosp. Int'l, LLC,* 242 So. 3d 518, 520 (Fla. 3d DCA 2018).

Maulden's argument fails because the trial court consolidated the cases for two specific purposes: discovery and trial. Her claims did not merge with Holzberg's claims under the consolidation orders because "[w]here cases are consolidated for discovery and trial, they do not lose their individual identities as distinct, separately filed actions." *SPS Dev. Co., LLC v. DS Enters. of Palm Beach, Inc.,* 970 So. 2d 495, 497 (Fla. 4th DCA 2007); *accord Wagner v. Nova Univ., Inc.,* 397 So. 2d 375, 377 (Fla. 4th DCA 1961). As expressly stated in the consolidation orders, the parties' cases against Appellant, *and not their individual claims,* were consolidated. Maulden and Holzberg each retained their independent causes of action.

Further, the proposal explicitly stated that acceptance would resolve all damages "in this action." This language refers to the case number and the named parties identified in the proposal. Appellant's proposal did not mention any other pending claims, cases, or parties that would be affected by her acceptance. It also did not mention Holzberg, nor did the case style or caption of her proposal include Holzberg's name or case number. Because the express terms of Appellant's proposal only addressed Maulden and *her* claims, its language created no ambiguity as to what would be settled. Nor would a reasonable reading of its terms create doubt about whether Maulden's acceptance of the proposal would also settle Holzberg's claims.

Therefore, we conclude that Appellant's proposal for settlement served upon Maulden was proper under sections 768.79(1) and (2) and rule 1.442(c). We reverse the trial court's order denying Appellant's entitlement to attorneys' fees under the proposal for settlement and remand for proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

MAY and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***