# Third District Court of Appeal

## State of Florida

Opinion filed June 4, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0945
Lower Tribunal No. 17-10295-SP-26
_____

**Infinity Auto Insurance Company,**
Appellant,

vs.

**Miami Open MRI, LLC, a/a/o Rolando Amador,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

Gladys Perez Villanueva, for appellant.

Douglas H. Stein, P.A., and Douglas H. Stein; Law Offices of Kenneth B. Schurr, P.A., and Kenneth B. Schurr, for appellee.

Before EMAS, FERNANDEZ and GORDO, JJ.

EMAS, J.

Infinity Auto Insurance Company (Infinity Auto) appeals a final order denying its motion seeking entitlement to attorney's fees and costs based on a proposal for settlement. The trial court denied the motion, finding that Infinity Auto's proposal for settlement was invalid because it was ambiguous or was "designed to extinguish claims that are not part of the instant action." This finding was purportedly based on the trial court's construction of Paragraph Eight of the proposal for settlement, reserving Infinity Auto's "rights and defenses it may have in this case and any other actions or lawsuits now or hereafter pending relating to the claim."

Upon our de novo review, we reverse, and hold that the proposal for settlement, read as a whole, is neither ambiguous nor designed to extinguish any separate, pending or future claims.[1]

The relevant facts are not in dispute, and the history of this case is set forth in this court's earlier decision in Infinity Auto Ins. Co. v. Miami Open MRI ("Infinity Auto I"), 361 So. 3d 954, 955-56 (Fla. 3d DCA 2023):

> The insured, Rolando Amador, allegedly suffered personal injuries when he was involved in an automobile accident on April 15, 2015. At the time of the accident, Amador had an automobile insurance policy with Infinity Auto providing PIP coverage, and Amador notified Infinity Auto about the accident. Thereafter,

---

[1] "In determining whether a proposal for settlement comports with rule 1.442 and section 768.79, we employ a de novo standard of review." Peltz v. Tr. Hosp. Int'l, LLC, 242 So. 3d 518, 520 n.3 (Fla. 3d DCA 2018) (citation omitted).

Amador failed to appear for examinations under oath set for May 28, 2015, and June 10, 2015. Amador then sought medical treatment for his injuries from Miami Open on June 18, 2015, and Miami Open billed Infinity Auto for those services. Infinity Auto denied payment on the ground that Amador had failed to appear at the examinations under oath.

Miami Open, as Amador's assignee, sued Infinity Auto for breach of contract. Infinity Auto answered, raising the sole affirmative defense that Miami Open was not entitled to benefits because Amador's failure to appear for two properly noticed examinations under oath constituted a failure to comply with a condition precedent to receiving benefits under section 627.736(6)(g), Florida Statutes (2015),[] and the terms of the policy.

The parties filed cross-motions for summary judgment, and the trial court "concluded that Infinity Auto failed to meet its burden on summary judgment to show that the affirmative defense was applicable." Id. at 956. This court reversed the summary judgment in favor of Miami Open, and remanded with instructions to grant summary judgment in favor of Infinity Auto. Id. at 957. In addition, this court conditionally granted Infinity Auto's motion for appellate attorney's fees, subject to a determination pursuant to section 768.79 (offers of judgment), Florida Statutes, and Florida Rule of Civil Procedure 1.442 (proposals for settlement).[2]

---

[2] The terms "offer of judgment" and "proposal for settlement" are generally used interchangeably. The applicable statute (section 768.79, Florida Statutes) refers to offers of judgment; Florida Rule of Civil Procedure 1.442 refers to proposals for settlement. To the extent they are substantive, offers of judgment/proposals for settlement are controlled by statute. To the extent they are procedural, they are governed by court rule under the exclusive

3

Prior to the summary judgment proceedings, Infinity Auto had served a proposal for settlement on Miami Open for $100. The proposal was deemed rejected when Miami Open failed to respond within 30 days. See Fla. R. Civ. P. 1.442(f)(1) ("A proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal.").

The proposal for settlement provides as follows:

PROPOSAL FOR SETTLEMENT

1. This Proposal for Settlement is being made pursuant to and in accordance with Florida Rule of Civil Procedure 1.442 and Florida Statute 768.79.

2. The party making the proposal is the Defendant, INFINITY AUTO INSURANCE COMPANY and the party to whom the proposal is being made is the Plaintiff, MIAMI OPEN MRI, as assignee of ROLANDO AMADOR.

3. Attorney's fees are part of the legal claim at issue in this case. This Proposal for Settlement includes attorney's fees and costs.

---

rulemaking authority of the Florida Supreme Court. See Kuhajda v. Borden Dairy Co. of Alabama, LLC, 202 So. 3d 391, 395 (Fla. 2016) ("The only purpose of rule 1.442 is to provide a procedural framework to implement the substantive requirements of section 768.79 regarding settlement proposals."); Cent. Fla. Med. & Chiropractic Ctr. v. Progressive Am. Ins. Co., 328 So. 3d 1111, 1113 (Fla. 5th DCA 2021) ("While the substantive right to recover fees and costs was legislatively created, the method and means of implementing this right were established in Rule 1.442, which outlines the form and content of a valid proposal for settlement.") (citing TGI Friday's Inc. v. Dvorak, 663 So. 2d 606 (Fla. 1995)).

4

*4. The claims the proposal is attempting to resolve are any and all of the Plaintiff's claims for PIP benefits **that were or could have been brought in this case by Plaintiff, MIAMI OPEN MRI as assignee of ROLANDO AMADOR** inclusive of any and all mileage claims and interest, **for the accident involving MIAMI OPEN MRI as assignee of ROLANDO AMADOR, as set forth in the Plaintiff's complaint,** including, but not limited to any claims for PIP benefits, mileage, interest, and attorney's fees and costs.*

5. The total Proposal for Settlement is for ONE HUNDRED DOLLARS ($100.00), and breaks down as follows:

    A) ONE DOLLAR and 00/100 ($1.00) as compensation for any and all claims for PIP benefits, mileage and interest that were or could have been brought in this case by the Plaintiff, inclusive of interest.
    B) NINETY NINE and 00/100 ($99.00) as payment for attorney's fees and costs inclusive.

6. A non-monetary term of this Proposal for Settlement is that the Plaintiff agrees to, and files a Voluntary Dismissal with Prejudice of this case upon receipt of the drafts in the above-noted amounts.

7. The terms of this Proposal for Settlement are non-severable and cannot be accepted by the Plaintiff, without acceptance by the Plaintiff of all the terms hereof.

*8. This Proposal for Settlement is not to be construed as an admission of liability on the part of the Defendant. **The Defendant accordingly reserves any and all rights and defenses it may have in this case and any other actions or lawsuits now or hereafter pending relating to the claim which forms the basis for this lawsuit, and payment would accordingly be made under such reservation of rights if this Proposal if accepted**. Instead this Proposal is being made in an effort to resolve the case and avoid future costs and fees.*

9. This Proposal for Settlement is being made in an effort to resolve the case and avoid future costs and fees. If there are any questions about any of the above terms, you are encouraged to submit your questions, in writing, an attempt to answer your questions will be made whenever possible. Nothing contained herein shall be deemed to extend or toll the time to accept or decline this Proposal for Settlement.

(Emphasis added).

At the time the proposal for settlement was served on Miami Open, another case was pending against Infinity Auto by a separate provider (Prime Medical & Rehab Services, Inc., as assignee of Rolando Amador) which had provided medical services to the insured for injuries arising from the same accident.

On remand from this court's decision in Infinity Auto I, the trial court entered an order granting summary judgment in favor of Infinity Auto. Thereafter, and pursuant to our order conditionally granting Infinity Auto's motion for appellate attorney's fees, Infinity Auto filed the underlying motion for attorney's fees and costs based on its proposal for settlement. Miami Open filed a response and objection to Infinity Auto's motion based on a "rejected defective proposal for settlement," contending the proposal for settlement "lacks the required particularity and specificity; fails to satisfy the requirements of Rule 1.442 and Florida Statute 768.79; contains conflicting

6

provisions; impermissibly seeks to extinguish related claims and causes of action; and is ambiguous and vastly over broad."

These arguments focused on the language of Paragraph Eight above.[3]

Infinity Auto replied that Miami Open's position constituted "'nit-picking' in contravention of well-established rules of contractual interpretation," positing that Paragraph Four expressly limited the proposal for settlement to "this case," and Paragraph Eight—read in its entirety and in context with the remaining provisions of the proposal—constitutes a standard reservation of Infinity Auto's rights and defenses and clarifying that the proposal for settlement is not an admission of liability.

Following a hearing on the matter, the trial court entered a fourteen-page order denying Infinity Auto's motion for attorney's fees, finding that Paragraph Eight rendered the proposal for settlement ambiguous; and concluding "[a]cceptance of Defendant's PFS, as worded in the instant case,

---

[3] Again, Paragraph 8 provides: "This Proposal for Settlement is not to be construed as an admission of liability on the part of the Defendant. The Defendant accordingly reserves any and all rights and defenses it may have in this case and any other actions or lawsuits now or hereafter pending relating to the claim which forms the basis for this lawsuit, and payment would accordingly be made under such reservation of rights if this Proposal if accepted. Instead this Proposal is being made in an effort to resolve the case and avoid future costs and fees."

is designed to extinguish claims that are not part of the instant action." This appeal followed.

## ANALYSIS AND DISCUSSION

"The proposal for settlement statute, section 768.79, Florida Statutes (2014), creates a substantive right to attorney's fees upon the occurrence of certain specified conditions," and Florida Rule of Civil Procedure 1.442 provides the procedural framework to implement those statutory requirements. USAA Cas. Ins. Co. v. Health Diagnostics of Fort Lauderdale, LLC, 388 So. 3d 1064, 1068 (Fla. 3d DCA 2024) (internal citations omitted); see also Fla. R. Civ. P 1.442 (2021) ("A proposal shall . . . state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served . . . [and] [] state with particularity any relevant conditions.").

Because the statute is in derogation of the common law requiring each party to pay its own attorney's fees, any settlement proposal must strictly follow these statutory and procedural requirements to entitle the offeror to attorney's fees. Allen v. Nunez, 258 So. 3d 1207, 1211 (Fla. 2018). Fees awarded based on a rejected settlement proposal are punitive as they seek to sanction the offeree "for unnecessarily prolonging litigation by refusing to

8

accept a presumptively reasonable offer." USAA Cas. Ins. Co., 388 So. 3d at 1068 (citing Sarkis v. Allstate Ins. Co., 863 So. 2d 210, 222 (Fla. 2003)).

Nevertheless, the rule does not require the elimination of every ambiguity, only "reasonable ambiguities." Allen, 258 So. 3d at 1211 (citing State Farm Mut. Auto Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006) ("We recognize that, given the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible."). To this end, courts are discouraged from "nitpicking" settlement proposals "to search for ambiguity," and are instead "urged to use reason and common sense and interpret the offer as a whole to avoid unreasonable results.")); Harris Specialty Chems., Inc. v. Punto Azul S.A. de C.V., 12 So. 3d 809, 810 (Fla. 3d DCA 2009) (quotation omitted); Nichols, 932 So. 2d at 1079 ("The rule aims to prevent ambiguity, not breadth.").

A settlement proposal must be "sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." Allen, 258 So. 3d at 1211 (quoting Nichols, 932 So. 2d at 1079); SDG Dadeland Assocs., Inc. v. Arias, 388 So. 3d 916, 920 (Fla. 3d DCA 2024) ("When determining whether a proposal for settlement is valid, and therefore enforceable, the courts look to whether the proposal is sufficiently clear and definite in meeting with the requirements of section 768.79 (the substantive

9

statute authorizing proposals for settlement) and Florida Rule of Civil Procedure 1.442 (the procedural rule governing proposals for settlement)").

Here, the trial court found Infinity Auto's proposal for settlement invalid as impermissibly ambiguous and that, "as worded[,] . . . designed to extinguish claims that are not part of the instant action." Therefore, the question for this court is whether Infinity Auto's proposal for settlement is "sufficiently clear and definite"—or unambiguous—to have apprised Miami Open of its terms so Miami Open could "fully consider the proposal," and whether the proposal for settlement sought to extinguish any pending or future claims arising from this case. Allen, 258 So. 3d at 1211.

This case rises and falls on the plain language of the proposal for settlement. While one may question the need for what appears to be a "belt and suspenders" provision in Paragraph Eight of the proposal for settlement, we hold that the language at issue, when read as a whole and particularly in conjunction with Paragraph Four of the proposal for settlement, is not ambiguous, nor does it require that future claims be extinguished.

> We note at the outset that the parties agreed (in the trial court and on appeal) that Paragraph Four unambiguously releases only the claims raised (or that could have been raised) in the underlying lawsuit. For instance, Miami Open, in its answer brief, acknowledges: "Paragraph 4 of the PFS is a standard provision that if accepted will resolve all claims for PIP benefits that were or could have been brought **in this case** . . . . That provision is completely valid." Again, Paragraph Four states:4. The claims

10

the proposal is attempting to resolve are any and all of the Plaintiff's claims for PIP benefits **that were or could have been brought in this case by Plaintiff, MIAMI OPEN MRI as assignee of ROLANDO AMADOR** inclusive of any and all mileage claims and interest, **for the accident involving MIAMI OPEN MRI as assignee of ROLANDO AMADOR, as set forth in the Plaintiff's complaint,** including, but not limited to any claims for PIP benefits, mileage, interest, and attorney's fees and costs.

With this language of Paragraph Four in mind, we turn to the language of Paragraph Eight:

8. This Proposal for Settlement is not to be construed as an admission of liability on the part of the Defendant. **The Defendant accordingly reserves any and all rights and defenses it may have in this case and any other actions or lawsuits now or hereafter pending relating to the claim which forms the basis for this lawsuit, and payment would accordingly be made under such reservation of rights if this Proposal if accepted**. Instead this Proposal is being made in an effort to resolve the case and avoid future costs and fees.

(Emphasis added).

Paragraph Eight does not extinguish any claims Miami Open may assert in the future. A common-sense reading of Paragraph Eight merely provides that *if Miami Open* asserts such a claim in the future, this proposal for settlement will not *extinguish any rights or defenses Infinity Auto* may have.

In other words, Paragraph Eight merely (if unnecessarily) constitutes a reservation of rights—not an extinguishment of future claims. In addition, the

11

language of Paragraph Eight does not render the proposal for settlement ambiguous where there were no pending cases between these two parties (Infinity Auto and Miami Open MRI) at the time the proposal for settlement was served.

Paragraph Eight is not a release—it reserves Infinity Auto's rights and defenses in any pending or future related claims while acknowledging the proposal for settlement seeks "to resolve the case," and requires one to read the entirety of that paragraph in para materia. For instance, use of the word "accordingly" in the second sentence relates back to the initial sentence, providing that the proposal for settlement is not an admission of liability by Infinity Auto. Compare with Kee v. Baptist Hosp. of Miami, Inc., 971 So. 2d 814, 815 (Fla. 3d DCA 2007) (held not ambiguous: counsel "shall agree that all known liens or other claims of third parties, including but not limited to, health care providers of [Kee], will be satisfied and extinguished by [Kee] and [Kee's] counsel"); Tower Hill Signature Ins. Co. v. Kushch, 335 So. 3d 743, 747 (Fla. 4th DCA 2022) (held not ambiguous: "This Proposal for Settlement is to resolve any and all damages that would otherwise be awarded in a final judgment in this action, including any and all claims and causes of action giving rise to the above-styled lawsuit brought by Plaintiff, ALEX KUSHCH, against Defendant, TOWER HILL SIGNATURE INSURANCE COMPANY,

12

and all potential claims for extra-contractual damages related to Claim No. 3300283404.").

In addition, and as pointed out by Infinity Auto, there were no pending claims between these parties (Infinity Auto and Miami Open) at the time Infinity Auto served the proposal for settlement, further supporting the conclusion that no ambiguity was created by Paragraph Eight. Compare with Andersen Firm, P.C. v. Brown, 330 So. 3d 546, 548 (Fla. 4th DCA 2021) (finding the proposal ambiguous where it failed to name the parties to be released and there were outstanding claims: "When a plaintiff has multiple outstanding claims, 'settlement proposals must clarify which of an offeree's outstanding claims against the offeror will be extinguished by any proposed release.'") (quoting Nichols, 932 So. 2d at 1080).

Infinity Auto's proposal for settlement specifically named Infinity Auto and Miami Open, sought to resolve the claims in the complaint, and consistently referenced "the case." For example, the Proposal for Settlement provided:

- Paragraph Two: "The party making the proposal is the Defendant, INFINITY AUTO INSURANCE COMPANY and the party to whom the proposal is being made is the plaintiff, MIAMI OPEN MRI, as assignee of ROLANDO AMADOR."

13

• Paragraph Four: "The claims the proposal is attempting to resolve are any and all of the Plaintiff's claims for PIP benefits that were or could have been brought in this case by Plaintiff, MIAMI OPEN MRI as assignee of ROLANDO AMADOR . . . for the accident involving Miami Open MRI as assignee of Rolando Amador . . . as set forth in the Plaintiff's complaint."

• Paragraph Nine: "This Proposal for Settlement is being made in an effort to resolve the case and avoid future costs and fees."

Even Paragraph Eight, in its last sentence, provides clarification: "[T]his Proposal is being made in an effort ***to resolve the case*** and avoid future costs and fees." (Emphasis added).

Read as a whole, the proposal for settlement seeks to "resolve" or extinguish <u>only</u> Miami Open's claims against Infinity Auto, specifically those set forth in Miami Open's complaint. Paragraph Eight merely reserves any rights and defenses Infinity Auto may have if a future claim is asserted. It did not create an ambiguity as to the claims the proposal for settlement sought to resolve and/or the parties it sought to bind. <u>See</u> <u>Land & Sea Petroleum, Inc. v. Bus. Specialists</u>, Inc., 53 So. 3d 348, 354 (Fla. 4th DCA 2011) (finding proposals complied with the rule by identifying the claim or claims it sought to resolve; rejecting broker's argument that the proposals

14

were ambiguous where paragraph 2 failed to clarify whether proposals applied to claims "in this action" as opposed to claims which may have accrued in the future because the phrase "in this action" was used in paragraphs 3 and 4, and there was no other claim to resolve other than the broker's breach of contract claim); compare with Fla. Peninsula Ins. Co. v. Brunner, 193 So. 3d 1026, 1027 (Fla. 3d DCA 2016) (finding proposal ambiguous where it "purported to impose liability for an indeterminate category of 'other claims of third parties' on appellee's counsel, a non-party": "It is agreed upon by ANN BRUNNER and his [sic] respective counsel that all known liens, attorney charging liens *or other claims of third parties*, will be satisfied and extinguished by ANN BRUNNER *and his [sic] counsel*.") (emphasis added).

As a final note, both parties acknowledge there existed a separate, pending claim between Prime (another provider) and Infinity Auto at the time Infinity Auto served Miami Open with the proposal for settlement. Miami Open asserts the proposal for settlement sought to extinguish Prime's claim against Infinity Auto. This position is untenable where—as described above—the proposal for settlement expressly stated its intent to resolve the underlying lawsuit between Miami Open and Infinity Auto, and no language in Paragraph Eight conflicts with or contradicts that express intention. Cf.

15

Alamo Fin., L.P. v. Mazoff, 112 So. 3d 626, 631 (Fla. 4th DCA 2013) ("A proposal for settlement cannot be deemed retroactively ambiguous on the theory that the proposal might have extinguished a hypothetical claim against an entity that was unknown to the plaintiff at the time the proposal was made and that was not added to the lawsuit until well after the proposal expired."). Nor does the law "require[] that a proposal settle all claims between all parties, or even all claims between the parties to the proposal." Cf. McGregor v. Molnar, 79 So. 3d 908, 911 (Fla. 2d DCA 2012) (quoting Wagner v. Brandeberry, 761 So. 2d 443, 447 (Fla. 2d DCA 2000) and holding trial court erred, in part, by finding offer not made in good faith on the basis the proposal did not conclude litigation with regard to a codefendant, and explaining it is unnecessary for a proposal to settle all claims.).

We reverse and remand with instructions to grant Infinity Auto's motion for appellate attorney's fees and for further proceedings consistent with this opinion.